**ARTHUR J. ABRAMOWITZ (AA3724)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.**
308 Harper Drive
Suite 200
Moorestown, NJ 08057
(856) 662-0700

Attorneys for the Debtors

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| | FOR THE DISTRICT OF NEW JERSEY |
| FREEFALL ADVENTURES, et al. | : |
| | CHAPTER 11 |
| Debtors. | : |
| | CASE NO. 14-30235 (ABA) |
| | : (Jointly Administered) |

## DEBTORS' VERIFIED MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 FOR AUTHORITY TO SELL CESSNA 182 AIRCRAFT BY PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND ENCUMBRANCES

Freefall Adventures, Inc., and its related debtors and debtors-in-possession (the "Debtors"), by and through their undersigned counsel, hereby move (the "Motion") pursuant to sections 105, 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 9014, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the sale and conveyance (the "Sale") of Freefall Adventure's Aircraft (as define below) free and clear of all liens, claims, and encumbrances, and in support thereof, the Debtors submit as follows:

### Background

1.      On October 2, 2014 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are jointly administered for procedural purposes pursuant to a Court order entered on December 31, 2014.

2.      The Debtors are operating their businesses and managing their properties as

debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3.      No trustee or examiner has been appointed in these cases.  No official committee

of unsecured creditors has been appointed in these cases.

4.      The Debtors own and operate several airplanes and a skydiving jump center based

in Williamstown, New Jersey.  Through these Chapter 11 cases, the Debtors intend to streamline

their operations and liquidate certain non-essential assets so that the Debtors can ultimately

propose and confirm a Chapter 11 plan.

5.      Among Freefall Adventures' assets is the Cessna 182 aircraft (the "Aircraft")

bearing Manufacturer's Serial Number 34893 (Registration No. 4793D), which is equipped with

a Continental O-470 engine and a McCarley prop (model 2A36C29AE590M-8, Serial No.

59882).

6.      As part of the Debtors' overall strategy to liquidate certain of their assets to fund a

Chapter 11 plan, the Debtors seek authority to sell the Aircraft.  The Debtors believe that they

will be able to maximize the sale price of the Aircraft by completing a private sale rather than

including the Aircraft in an auction.  The Aircraft has been listed for over 18 months on

Barnstormers.com, an online marketplace specializing in the sale of aircraft.[1]  Barnstomers.com

is a well-known aviation market place website, which states that it "receives more than a million

visits and 17 million pageviews' per month."  www.barnstormers.com.  As such the Debtors

believe that they have more than sufficiently marketed the Aircraft.  The Debtors have received

an offer in the amount of $21,000 from Extreme Source, Inc. (the "Buyer"), which offer

represents the highest and best offer the Debtors have received.  In addition, prior to the Petition

---

[1] The Debtors paid Barnstormer.com a marketing fee of $60 every three months to list the
Aircraft (for a total cost of approximately $360) to list the Aircraft on their website.

1239108.2

Date, the Debtors sold a similar Cessna 182, for $20,500.  Therefore, the Debtors believe that the

Buyer's offer is fair and reasonable.

7.      The Buyer is not an insider of any the Debtors and the purchase price is the result

of arm's length good faith negotiations between the Debtors and the Buyer.

### Relief Requested

8.      By this Motion, the Debtors seek entry of an order pursuant to 11 U.S.C. §§ 105

and 363 approving the sale of the Aircraft to a non-insider third-party free and clear of liens,

claims, encumbrances and interests (collectively, the "Liens"), which such Liens to attach to the

proceeds of such sale.

### Basis for Relief

9.      In furtherance of their strategy to liquidate certain assets and streamline

operations, the Debtors, in the exercise of their sound business judgment, have determined that

the private sale of the Aircraft, pursuant to the terms of the Aircraft Purchase Agreement,

attached hereto as Exhibit "A", to the Buyer, a non-insider third party, will maximize the value

of the Aircraft.

### A.  Sale Free and Clear of Liens

10.     Pursuant to 11 U.S.C. § 541, the Aircraft is an asset of the Debtors' estates.  In

accordance with 11 U.S.C. §§ 363 and 1107, a debtor-in-possession is authorized to sell property

of the estate to realize the value thereof and maximize recoveries to the estate for creditors.

11.     Section 363 of the Bankruptcy Code provides that "[t]he trustee, after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

estate." 11 U.S.C. § 363(b)(1).

12.     In accordance with 11 U.S.C. § 363(f), a debtor may sell property under section

363(b):

> free and clear of any interest in such property of an entity other
> than the estate, only if --

1239108.2

(1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2)  such entity consents;

(3)  such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)  such interest is in bona fide dispute; or

(5)  such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

13.     The Debtors propose to sell the Aircraft free and clear of all liens, encumbrances, claims, and interests that may be asserted by any entity claiming an interest therein.

14.     The Debtors have obtained a title report related to the Aircraft (the "Title Report" attached as Exhibit "B").  The Title Report lists two liens and a recordation notice against the Aircraft, all asserted against prior owners of the Aircraft, as follows:

a.     A lien filed by Planters Trust & Savings Bank of Opelousas, LA ("Planters Trust") on June 5, 1972.  On November 20, 1976, Planters Trust filed a release of the lien, which is listed on the Title Report, but the lien has not been removed because (as stated in the Title Report) Planters Trust "does not appear in the FAA records."

b.     A lien filed by Lakeside National Bank ("Lakeside") on November 12, 1976.  On January 17, 1996, Jeff Davis Bank & Trust Company ("Jeff Davis"), as successor to Lakeside, filed a satisfaction of lien related to the Lakeside lien.  The FAA did not accept the release because the FAA required additional information from Jeff Davis, which apparently was never provided.

c.     A FAA recordation notice related to a release of lien filed by First Missouri Bank & Trust Co. ("First Missouri") Creve Coeur, Missouri, which states that a

release letter was received from First Missouri on September 7, 1977, but that no lien had

been recorded.

15.     While the above items appear on the Title Report, the Debtors believe that the

notes included in the Title Report show that the liens have been satisfied and that neither Planters

Trust, Jeff Davis nor First Missouri are asserting liens against the Aircraft.  Nevertheless, the

Debtors have served the successors of Planters Trust, Jeff Davis, and First Missouri with notice

of this Motion so that they have an opportunity to appear and be heard.

## B. Approval of the Sale is Warranted

16.     Approval of a sale is appropriate if the Court finds the transaction represents a

reasonable business judgment on the part of the debtor.  See In re Lionel Corp., 722 F.2d 1063,

1071 (2d Cir. 1983).  See also Stephens Indus. v. McClung, 789 F.2d 386 (6th Cir. 1986), In re

Coastal Indus., Inc., 63 B.R. 361 (N.D. Ohio 1986).

17.     In light of the Debtors' decision to streamline their operations and to liquidate

certain of their assets in anticipation of filing a plan of reorganization, the Debtors have

determined that the sale of the Aircraft is appropriate and is in the best interest of the Debtors,

their estates, and all parties in interest.

18.     The Debtors will recover $21,000 from the sale of the Aircraft.  The Debtors

agreement to sell the Aircraft as the result of good faith, arm's length negotiations with the

Buyer.  None of the Debtors' officers or principals will receive any benefit from the sale of the

Aircraft.

19.     The sale will help enable the Debtors propose and ultimately fund a Chapter 11

plan.  Moreover, the sale will enable the Debtors to avoid payment of unnecessary administrative

claims and expenses associated with the continued ownership of the Aircraft such as

maintenance and insurance.  The Debtors further believe that a sale price of at $21,000 will result

in the Debtor obtaining the highest and best offer for the Aircraft based upon other offers and

5

valuation estimates the Debtors' have received.  Moreover, the Debtors will accept higher and better offers if they are presented prior to a hearing on the Motion.  Therefore, the Debtor submits that the Buyer should be entitled to the protection of 11 U.S.C. § 363(m) as a good faith purchaser.

20.    The sale, consistent with 11 U.S.C. § 363, is appropriate and warranted in these circumstances, is in the best interests of the Debtors' estates, creditors, and other parties in interest and, therefore, should be approved.

21.    The Debtors' goal is to maximize the value of the Aircraft, while at the same completing an expeditious sale of the Aircraft.  The Debtors explored other potential methods of liquidating the Aircraft, including sale at auction or retaining a broker.  The Debtors are concerned that an auction will not result in a guaranteed sale price, and substantial equity could be lost.  An Auctioneer or broker would require a commission of at least 6%, which would decrease the Debtors' recovery.  Therefore, the Debtors determined that a private sale is the best alternative to maximize the value of the Aircraft.

22.    If any creditor claims an interest in the proceeds of the sale, the Debtors submit that one or more of the subsections of 11 U.S.C. § 363(f) applies, and that any such interest or claim will be adequately protected by having such interests attach to the proceeds of the sale, subject to any claims and defenses the Debtor may possess with respect thereto.

23.    Finally, the Debtors request that the stay of an order granting the Motion under Bankruptcy Rule 6004(h) be waived for cause because the Buyer intends to close prior to May 29, 2015, and the Debtors are concerned that the Buyer will refuse to close if it cannot do so by that date.

1239108.2

WHEREFORE, the Debtors respectfully request that the Court: (i) grant the Motion; (ii)

authorize the sale of the Aircraft by private sale; (iii) and grant such other and further relief as is

just and proper.

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

By: _/s/ Jerrold N. Poslusny, Jr.___
Arthur J. Abramowitz
Jerrold N. Poslusny, Jr.

Attorneys for the Debtors

Dated: May 19, 2015

## VERIFICATION

John Eddowes, of full age, certifies and states as follows:

1.      I am the President of Freefall Adventures, Inc., and am fully authorized to make this Verification on its behalf.

2.      I have read the foregoing Motion and I hereby certify and verify that all the statements contained therein are true.

3.      I hereby verify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

John Eddowes

Dated: May 7, 2015

8

1239108.2